**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ROMAN KIRBY,

     Defendant-Appellant.

No. 12-2011
(D.C. No. 1:11-CR-00282-JAP-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Defendant-Appellant Roman Kirby pleaded guilty in the United States

District Court for the District of New Mexico to being a felon in possession of a

firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He entered his

guilty plea under a conditional plea agreement, which allows him to appeal the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

district court's order denying his motion to dismiss. Mr. Kirby averred in his motion to dismiss and avers again in this appeal that the felon-in-possession statute under which he was convicted, 18 U.S.C. § 922(g)(1), is unconstitutional.[1] For the reasons that follow, we affirm the district court's judgment.

## I

On February 10, 2011, a federal grand jury returned a one-count indictment against Mr. Kirby. The indictment charged Mr. Kirby with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 18, 2011, Mr. Kirby filed a motion to dismiss the indictment alleging that 18 U.S.C. § 922(g)(1) is unconstitutional. He argued that Congress had exceeded its power under the Commerce Clause in enacting the statute. In its response, the government argued that binding precedent from both the Supreme Court and this Court mandated that the district court deny Mr. Kirby's motion.

On August 30, 2011, the district court held a hearing on Mr. Kirby's motion to dismiss. The district court orally denied Mr. Kirby's motion based on

---

[1] 18 U.S.C. § 922(g)(1) provides that:

It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*Scarborough v. United States*, 431 U.S. 563 (1977), and on this Court's decision in *United States v. Patton*, 451 F.3d 615 (10th Cir. 2006).

After the court's ruling, Mr. Kirby pleaded guilty to the indictment under a conditional plea agreement.[2] The agreement provided that Mr. Kirby could appeal the district court's denial of his motion to dismiss and that, if he prevailed on appeal, he would be allowed to withdraw his guilty plea.

The court held a sentencing hearing on January 12, 2012, and sentenced Mr. Kirby to 188 months of imprisonment, followed by five years of supervised release. The court entered the judgment reflecting this sentence on January 13, 2012. Mr. Kirby filed a timely notice of appeal on January 26, 2012. On appeal Mr. Kirby avers again that it is unconstitutional for him to "stand[] convicted . . . of having possessed entirely within the bounds of a single State a firearm that happened to have traveled in interstate commerce at some unknown prior time, before Mr. Kirby's possession of it." Aplt. Opening Br. at 13.

## II

We review a challenge to the constitutionality of a statute de novo. *United States v. Haney*, 264 F.3d 1161, 1163–64 (10th Cir. 2001); *see also United*

---

[2] Mr. Kirby admitted that "both the firearm and ammunition were manufactured outside of . . . New Mexico and that they had to have previously been shipped or transported in interstate commerce to be physically present and in [his] possession on December 14, 2010 in . . . New Mexico." R., Vol. I, at 24 (Conditional Plea Agreement, filed Aug. 30, 2011); *see also* Aplt. Opening Br. at 13.

*States v. Hampshire*, 95 F.3d 999, 1001 (10th Cir. 1996).

In *Scarborough v. United States*, the Supreme Court held that, in addition to the other elements of the crime of being a felon in possession, the government need only prove that the firearm possessed by the defendant had been, "at some time, in interstate commerce." 431 U.S. at 575. The government need not prove anything more than this "minimal nexus." *Id.*

"*Scarborough* decided only a question of statutory interpretation about a previous version of the felon-in-possession statute, but the decision assumed that Congress could constitutionally regulate the possession of firearms solely because they had previously moved across state lines." *Patton*, 451 F.3d at 634 (holding that because the defendant's bulletproof vest had "moved across state lines at some point in its existence, Congress may regulate it under *Scarborough*, even though it does not fall within any of the three categories the Court now recognizes for Commerce Clause authority").

"The constitutional understanding implicit in *Scarborough*—that Congress may regulate any firearm that has *ever* traversed state lines—has been repeatedly adopted for felon-in-possession statutes by this Court." *Id.* (emphasis added). Even Mr. Kirby concedes the impact of *Scarborough*. *See* Aplt. Opening Br. at 11–12. Furthermore, "[a]ny doctrinal inconsistency between *Scarborough* and the Supreme Court's more recent decisions is not for this Court to remedy." *Patton*, 451 F.3d at 636. Mr. Kirby's arguments regarding the reach of congressional

authority under the Commerce Clause do not allow us to reject controlling

authority. *See United States v. Nichols*, 169 F.3d 1255, 1261 (10th Cir. 1999).

## III

Because we, like the district court, are bound by Supreme Court and Tenth

Circuit precedent upholding the constitutionality of 18 U.S.C. § 922(g)(1), we

**AFFIRM** the district court's judgment.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge